1 Howard M. Levine, OSB No. 800730
SUSSMAN SHANK LLP
2 1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
3 Telephone: (503) 227-1111
Facsimile: (503) 248-0130
4 E-Mail: hlevine@sussmanshank.com

5 *Attorneys for Jack Adkins, Bonita Thompson, and Roy Thompson*

6

7

8

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

9

| | | |
|---|---|---|
| In re | ) | Case No. 21-60003-tmb11 |
| | ) | |
| Robin Thomas Koenig, | ) | MOTION TO COMPEL REJECTION OF LEASE OR ASSUMPTION OF LEASE, PAY ARREARAGES, AND PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

10

11

12

13

14

15   Jack Adkins, Bonita Thompson, and Roy Thompson ("Lessors") move the Court for entry

16 of an order compelling Robin Koenig (the "Debtor") to promptly reject an unexpired lease of real

17 property, or assume that lease, cure all arrears, and provide adequate assurance of future

18 performance, and in support thereof represents as follows:

19                                      **JURISDICTION**

20   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue

21 is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant

22 to 28 U.S.C. § 157(b)(2)(A).  The statutory predicates for the relief requested are Sections 105(a)

23 and 365(d)(2) of Title 11 of the United States Code (the "Bankruptcy Code").

24                                      **BACKGROUND**

25   1.   Debtor and Lessor are parties to an oral lease of certain real property described as

26 Hayes Labish Farms Subdivision Lot FR 3, 25.67 acres located in Brooks, Marion County, Oregon

**Page 1 of 3** - MOTION TO COMPEL REJECTION OF LEASE OR ASSUMPTION OF
LEASE, PAY ARREARAGES, AND PROVIDE ADEQUATE ASSURANCE OF FUTURE
PERFORMANCE

1    (the "Lease").

2        2.        Under the Lease, the Debtor is required among other things to pay annual rent of

3    $10,000 per year.

4                            **BASIS FOR RELIEF REQUESTED**

5        3.        Lessor requests the entry of an order pursuant to 11 U.S.C. § 365(d)(2) and

6    FRBP 6006(b) compelling the Debtor to promptly reject the Lease, or assume the Lease, cure all

7    arrearages, and provide adequate assurance of future performance.

8                                    **ARGUMENT**

9        4.        Section 365(d)(2) of the Bankruptcy Code provides the Court with the power to

10   compel a debtor to assume or reject an executory contract within a specified period of time:

11       In a case under Chapter 11 . . . of this title, the trustee may assume or reject an
         executory contract…of the debtor at any time before the confirmation of a plan but
12       the court, on the request of any party to such contract or lease, may order the trustee
         to determine within a specified period of time whether to assume or reject such
13       contract . . .

14   11 U.S.C. § 365(d)(2) (emphasis added); 11 U.S.C. §1107(a).

15       5.        "Congress intended this provision to 'prevent parties in contractual or lease

16   relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.'"

17   *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992) (citing S.

18   Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

19       6.        Although the Bankruptcy Code provides Chapter 11 debtors with a "breathing

20   space" within which to determine whether a particular executory contract should be assumed or

21   rejected, such "breathing space . . . is not without limits." *In re Enron Corp.,* 279 B.R. 695, 702

22   (Bankr. S.D.N.Y. 2002). The limit placed on the time for the debtor's assumption/rejection

23   determination by case law and commentators is "reasonableness." See, e.g., *Dallas-Fort Worth*

24   *Regional Airport Bd. v. Braniff Airways, Inc.*, 26 B.R. 628, 636 (N.D. Tex. 1982). The

25   determination of what constitutes a reasonable time to assume or reject a particular executory

26   contract is within the bankruptcy court's discretion and has to be decided in light of the particular

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  facts of each case. See, e.g., *S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94

2  F.3d 755, 760 (2d Cir. 1996); *Theatre Holding Corp. v. Mauro (In re Theatre Holding Corp.)*, 681

3  F.2d 102, 105 (2d Cir. 1982); *Dallas-Fort Worth, supra.*; *In re Adelphia Commc'ns Corp.*, 291

4  B.R. 283, 292 (Bankr. S.D.N.Y. 2003).

5      7.    The Court must make an equitable determination, based on the balance of harm, in

6  light of the particular circumstances of the parties to the Lease.

7      8.    Here, the Debtor has been in Chapter 11 since the filing on January 4, 2021, a period

8  of more than four months.  The Debtor has a negative cash flow.  (See ECF No. 73).  Debtor did

9  not pay rent in 2019 and 2020. The prepetition balance due is more than $19,000.  The Debtor has

10  not paid 2021 rent. The Debtor has not filed a plan nor given Lessors any indication of what the

11  Debtor intends to do with respect to the Lease.

12  **CONCLUSION**

13      WHEREFORE, for the reasons set forth above, and evidence to be adduced at a hearing,

14  Lessor's request the Court require the Debtor to promptly reject the Lease, or to promptly assume

15  the Lease, cure all arrearages, and provide adequate assurance of future performance, and for such

16  other and further relief as this Court deems just or proper.

17      Dated this 7th day of May, 2021.

18          SUSSMAN SHANK LLP

19          */s/ Howard M. Levine*

20          _____

        Howard M. Levine, OSB No. 800730

        *Attorneys for Jack Adkins, Bonita Thompson,*

21          *and Roy Thompson*

22

23

24

25

26

**Page 3 of 3** - MOTION TO COMPEL REJECTION OF LEASE OR ASSUMPTION OF
LEASE, PAY ARREARAGES, AND PROVIDE ADEQUATE ASSURANCE OF FUTURE
PERFORMANCE

1        <u>CERTIFICATE OF SERVICE</u>

2        I, Janine E. Hume declare as follows:

3        I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen

4    years and am not a party to this action; my business address is 1000 S.W. Broadway, Suite 1400,

5    Portland, Oregon 97205-3089, in said county and state.

6        I certify that on May 7, 2021, I served, **via first class mail,** a full and correct copy of the

7    foregoing , to the parties of record, addressed as follows:

8        D.A.N. Joint Venture III, L.P.
         100 North Center Street
9        Newton Falls, OH 44444

10       Neal Linegar
         4445 SW Carl Place
11       Portland, OR 97239

12       ODR Bkcy.
         955 Center St. NE
13       Salem, OR 97301-2555

14
15       I also certify that on May 7, 2021, I served the above-referenced document(s) on all ECF

     participants as indicated on the Court's Cm/ECF system.
16
17       I swear under penalty of perjury that the foregoing is true and correct to the best of my

     knowledge, information, and belief.
18
19       Dated: May 7, 2021.

20
21                              /s/ Janine E. Hume
                                _____
22                              Janine E. Hume, Legal Assistant

23

24

25

26

CERTIFICATE OF SERVICE - Page 1