Ted A. Troutman
Troutman Law Firm, P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
Tel:    503-292-6788
Fax:    503-596-2371
E-mail: tedtroutman@sbcglobal.net

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No.: 21-60003-tmb11 |
| ROBIN THOMAS KOENIG, | ) | |
| | ) | DEBTOR'S PLAN OF |
| Debtor. | ) | REORGANIZATION |

## TABLE OF CONTENTS

1.   History of Debtor's Business

2.   Liquidation Analysis

3.   Treatment of Unclassified Claims

4.   Treatment of Classes of Claims and Equity Interests

    Class 1:    Impaired Secured Claim of D.A.N. Joint Venture III, LP

    Class 2:    Impaired Secured Claim of Marion County

    Class 3:    Impaired Unsecured Claims

5.   Implementation of Plan

6.   Conditions Precedent

7.   Effects of Confirmation

8.   Treatment of Executory Contract and Unexpired Leases

Page 1 – DEBTOR'S PLAN OF REORGANIZATION

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

9.     Miscellaneous Provisions

10.    Definitions

**1.     History of Debtor's Business.**  Debtor has been a farmer in Marion County near Lake Labish since 1999.  Debtor also has a custom spray and dust abatement business.  Debtor previously grew many crops, including hay and grass seed.  For the past five years, Debtor has transitioned into growing feed corn and using the corn to produce feed.

**2.     Liquidation Analysis.**  If Debtor was liquidated in a Chapter 7 bankruptcy, there would be sufficient funds to pay all unsecured debt.  Attached as Exhibit A to the Plan is the Liquidation Analysis.

**3.     Treatment of Unclassified Claims.**

The IRS will be paid any priority balance due in full within 60 months of filing plus interest at 3.25%.

**Allowed Administrative Claims.**  Reorganized Debtor will pay all holders of Allowed Administrative Claims upon such terms as may be agreed to in writing by the Administrative Claimant and Debtor.

**4.     Treatment of Claims.**

**4.1**     Class 1 – Impaired Secured Claim of D.A.N. Joint Venture III, LP (hereinafter "D.A.N.") secured by a Promissory Note and Trust Deed against Debtor's property at 7503 Labish Center Rd. NE, Brooks, OR 97305 and 8130 Stratford Rd. Brooks, OR 97305 and secured by a UCC-1 against all equipment and crops of Debtor in the amount of $1,117,391.00. Debtor will sell the property at 7503 Labish Center Road NE, Brooks, Oregon within one year of fiing and pay all net proceeds to D.A.N.  The debt to D.A.N. will then be reamortized at 6% per

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

anum for 30 years with 360 monthly payments.Debtor estimates the remaining blance will be $367,391.00. The loan will continue to be collaterized by all equipment and real property at 8130 Stratford Dr., Brooks, Oregon. The entire balance will be due 60 months after confirmation. After confirmation, the interest rate to D.A.N. will be reduced to 6% per annum.

**4.2**     Class 2 – Impaired Secured Claim of Marion County in the amount of $4,853.52. The debt will be paid with 16% interest in equal monthly payments of $235.42 until the debt is paid in full.

**4.3**     Class 3 – Impaired Unsecured Claims in the total amount of $83,177.18. The debt will be amortized over 5 years and paid in equal installments with 1% interest as set forth on Exhibit B. The amount of each installment will be $16,968.11.

**4.4**     The Debtor, not the Trustee, shall be responsible for all Plan payments. The Trustee will monitor Debtor's payments and plan progress.

## 5.     Implementation of Plan.

The source of funds to be received by the estate for distribution to creditors will be from Debtor's income from farming, custom spraying, dust control and feed manufacturing and the sale of the real property at 7503 Labish Center Rd. NE, Brooks, Oregon.

**5.1**     Performance of Obligations of Reorganized Debtor. Reorganized Debtor will (a) in accordance with applicable law review all Claims filed against the estate, and if advisable, object to such Claims, (b) in the exercise of the business judgment, investigate, prosecute, settle or dismiss all actions not otherwise settled prior to or under this Plan. Unless otherwise provided in this Plan or the Plan Documents, Reorganized Debtor will be entitled to receive all Debtor's action recoveries to be used to pay Claims pursuant to this Plan, and (c) perform all its

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

obligations under this Plan and Plan Documents when they become due or are to be performed. Debtor will retain all personal property.

5.2  Objections to Claims.  Objections to a Claim as to which no objection is pending as of the Effective Date, must be filed by the Claims Objection Bar Date.  Objections to such Claims may be filed by Reorganized Debtor, any Claimant, or any other party in interest.

5.3  Provisions Governing Distributions if a Consensual Plan is Confirmed Under § 1191(a).

5.3.1  Distributions Only to Holders of Allowed Claims.  Except as otherwise provided in this section.  Distributions under this Plan and the Plan Documents will be made only to the holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim the holder of that Disputed Claim will not receive any distribution otherwise provided to the Claimants under this Plan or the Plan Documents.  If necessary in determining the amount of a Pro Rata distribution due to the holders of Allowed Claims in any class, Reorganized Debtor will make the Pro Rata calculation as if all Unresolved Claims were Allowed Claims in the full amount claimed or in the Estimated Amount.  When an Unresolved Claim in any class becomes an Allowed Claim, Reorganized Debtor will make distributions with respect to such Allowed Claim, together with any allowable interest accrued on the amount of each such distribution to the date thereof, net of any setoff contemplated by the order, if any, allowing such Claim and/or any required withholding of applicable federal and state taxes.

5.3.2  Transmittal of Distributions.  Except as otherwise provided in this Plan, in the Plan Documents, or in an order of the Bankruptcy Court, distributions to be made

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

under this Plan or the Plan Documents to Claimants holding Allowed Claims will, in each case, be made by Reorganized Debtor by first class United States mail, postage prepaid, (a) to the latest mailing address set forth in a proof of claim filed with the Bankruptcy court by or on behalf of such Claimant, or to such other address as may be provided to Reorganized Debtor by such Claimant in writing, or (b) if no such proof of claim has been filed and no written notice setting forth a mailing address is provided by or on behalf of such Claimant to Reorganized Debtor to the mailing address set forth in the schedules filed by Debtor in this Case.  If a Claimant's distribution is not mailed or is returned to Reorganized Debtor because of the absence of a proper mailing address, Reorganized Debtor shall make a reasonable effort to locate or ascertain the correct mailing address for such Claimant from information generally available to the public and from such party's own records, but shall not be liable to such Claimant for having failed to find a correct mailing address.

     **5.3.3**    <u>Timing of Distributions</u>.  Unless otherwise agreed by Reorganized Debtor whenever any payment to be made is due on a day other than a Business Day, such payment will instead be made on the next Business Day, with interest to the extent expressly contemplated by this Plan or any applicable agreement or instrument.

     **5.3.4**    <u>Form of Distributions</u>.  Unless otherwise agreed by Reorganized Debtor all Cash payments to be made by Reorganized Debtor pursuant to this Plan or the Plan Documents will be made, at the option of Reorganized Debtor by a check or wire transfer.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**5.3.5** <u>No Professional Fees or Expenses</u>. No professional fees or expenses will be paid by Debtor or Reorganized Debtor with respect to any Claim except as specified in this Plan, or as Allowed by Final Order of the Bankruptcy Court, as applicable.

**5.4** <u>Closing of the Case in the Event Debtor's Plan is Confirmed as a Consensual Plan Under § 1191(a)</u>. As soon as practicable after the Effective Date, and when Reorganized Debtor deems appropriate, Reorganized Debtor shall seek authority from the court to close the Case in accordance with the Bankruptcy Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing the Case shall, whether or not specified therein, be without prejudice to the right of Reorganized Debtor or other party in interest to reopen the Case for any matter over which the Court has retained jurisdiction under this Plan. Any order closing the Case will provide that the Bankruptcy Court, (i) will retain jurisdiction to enforce, by injunctive relief or otherwise, the Confirmation order, any other orders entered in this Case, and the obligations created by this Plan and the Plan Documents; and (ii) will retain all other jurisdiction and authority granted to it under this Plan and the Plan Documents.

**5.5** <u>If the Plan is Confirmed Under § 1191(b)</u>. The Debtor will make all distributions under the Plan for the 5 years of the Plan. Upon completiton of all payments required by the Plan, the Court will enter a discharge of all debts provided in 11 USC § 1141(d)(1)(A) and all debts allowed under 11 USC § 503 and provided for in this Plan except debts where the last payment is due after the 5 years of the Plan or of the kind specified in 11 USC § 523.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**6**.     **Conditions Precedent.**

 **6.1** <u>Conditions to Effectiveness</u>.  The Effective Date will not occur and the Plan will not become effective unless and until each of the following conditions have been satisfied or waived in accordance with Section 4.1 of this Plan:

  (a) the Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Proponents; and,

  (b) no stay of the Confirmation Order shall be in effect.

**7**.     **Effects of Plan Confirmation.**

 **7.1** <u>Discharge if Plan is Confirmed Under 11 USC § 1191(a)</u>.  Reorganized Debtor will receive a Discharge upon confirmation of the Plan.  Once a Discharge Order has been entered, Reorganized Debtor will be discharged from all liability and any and all claims that arose before the date of such confirmation and from any liability of the kind specified in Sections 503(g), 503(h) and 503(i) of the Bankruptcy Code, whether or not proof of claim is filed or is deemed filed under Section 501 of the Bankruptcy Code, such Claim is Allowed under this Plan, or the holder of such Claim has accepted this Plan.

 **7.2** <u>Vesting</u>.  Except as otherwise expressly provided in Debtor's Plan or in the Confirmation Order, on the Effective Date, Reorganized Debtor will be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges and other interests of Creditors and Claimants.  As of the Effective Date, Reorganized Debtor may hold, use, dispose and otherwise deal with such property and conduct his/her affairs free of any restrictions imposed by the Bankruptcy Code or by the Bankruptcy Court, other than those restrictions expressly imposed by the Plan, the Confirmation Order or the Plan Documents.  If

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

after confirmation the case is converted to a Chapter 7 bankruptcy, all of the property of Reorganized Debtor will revert in the Chapter 7 Debtor's bankruptcy estate.

## 8. Treatment of Executory Contracts and Unexpired Leases.

8.1 <u>General; Rejected if Not Assumed</u>. Subject to the requirements of Section 365, all executory contracts and unexpired leases of the Debtor that have not been assumed by order of the Bankruptcy Court, or are not the subject of a motion to assume pending on the Confirmation Date, will be deemed rejected by the Debtor and Reorganized Debtor on the Effective Date.

8.2 <u>Claims for Contract Rejection</u>. All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Section 6.1 of this Plan must be filed with the Bankruptcy Court within 30 days after the Effective Date or such Claims will be forever barred.

## 9. Miscellaneous Provisions.

9.1 <u>Retention of Jurisdiction</u>. Notwithstanding entry of the Confirmation Order or the occurrence of the Effective Date, and except as otherwise specifically set forth in this Section 7.1, the Bankruptcy Court will retain jurisdiction over all matters arising under, in furtherance of, or in connection with this plan, including those matters specifically described in this Section 7.1 below.

The matters over which the Bankruptcy Court shall retain jurisdiction over this Plan include:

    (a)    determine any Unresolved Claims;

    (b)    determine the Estimated Amount of any Claim;

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

(c)     determine requests for payment of Claims entitled to priority under Section 507 of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties entitled thereto;

(d)     resolve controversies and disputes regarding the modification, interpretation, and implementation of this Plan and the Plan Documents, including, without limitation, any amendments or modifications;

(e)     enter orders in aid of this Plan and the Plan Documents including, without limitation, appropriate orders (which may include contempt or other sanctions) to protect Reorganized Debtor from actions prohibited under this Plan or the Plan Documents;

(f)     modify this Plan;

(g)     determine any and all applications, adversary proceedings, and contested or litigated matters pending on the Effective Date;

(h)     determine any and all pending motions for the assumption or rejection of executory contracts or leases, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom; and

(i)     enter Final Orders closing the Case.

**9.2**     <u>Modification of Plan</u>.  The Proponents reserve the right, in accordance with the Bankruptcy Code, to amend, modify, or withdraw this Plan prior to the entry of the Confirmation Order.  After the entry of the Confirmation Order, the Proponent may, upon order, amend or modify this Plan in accordance with Section 1193(b) of the Bankruptcy Code.

**9.3**     <u>Severability</u>.  In the event of a successful collateral attack on any provision of the Plan (i.e., an attack other than through a direct appeal of the Confirmation Order), the remaining

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

provisions of this Plan will remain binding on the Debtor, Reorganized Debtor, all Claimants, all

Creditors, and all other parties in interest.

**9.4** <u>Post-Confirmation Professional Fees and Expenses</u>.  All Professional fees and

expenses incurred or payable by Reorganized Debtor after the Effective Date but prior to closing

of the Case will be paid in the ordinary course of business of Reorganized Debtor after 15 days'

notice to the U S Trustee and parties in interest.  If a party in interest or the U S Trustee objects,

the court will resolve any dispute regarding the amount of the fees or costs.

**9.5** <u>Headings</u>.  The headings of the sections and paragraphs of this Plan are inserted

for convenience only and will not affect the interpretation hereof.

**9.6** <u>Computation of Time Periods</u>.  In computing any period of time prescribed or

allowed by this Plan, the day of the act, event, or default from which a designated period of time

begins to run will not be included.  The last day of the period so computed will be included so

long as it is a Business Day.  When the period of time prescribed or allowed is less than 11 days,

any day that is not a Business Day will be excluded in the computation.

**9.7** <u>Notices</u>.  All notices or requests to Reorganized Debtor in connection with

this Plan shall be in writing and served either by (i) United States mail, postage prepaid, (ii) hand

delivery, or (iii) reputable overnight delivery service, all charges prepaid, and shall be deemed

given when received by the following parties, as applicable:

> <u>If to Robin Thomas Koenig</u>:
> 8130 Stratford Rd.
> Brooks, OR 97305
>
> <u>With copies to</u>:
> Troutman Law Firm, P.C.
> Attn:   Ted A. Troutman
> 5075 SW Griffith Dr., Ste 220

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

Beaverton, OR 97005

All notices and requests to a Person or Entity holding any Claim will be sent to them at their last known address or to the last known address of their attorney of record. The Debtor or Reorganized Debtor and any holder of a Claim may designate in writing any other address, which designation will be effective upon actual receipt by the Debtor or Reorganized Debtor, or by the holder of the Claim. Any Person or Entity entitled to receive notice under this Plan will have the obligation to provide Reorganized Debtor with such Person's or entity's current address for notice purposes. Reorganized Debtor will have no obligation to attempt to locate a more current address in the event any notice proves to be undeliverable to the most recent address which has been provided to Reorganized Debtor.

**9.8** <u>Post-Confirmation Court Approval</u>. Any action requiring Bankruptcy Court approval after the Effective Date will require the Person or Entity seeking such approval to file an application, motion, or other request with the Bankruptcy Court and obtain a Final Order approving such action before the requested action may be taken. The Person or Entity filing such application, motion, or other request shall serve such application, motion, or other request, together with a notice setting forth the time in which objections must be filed with the court, on Reorganized Debtor and other affected parties by first-class mail, electronic mail, overnight courier, facsimile, or hand delivery. Unless the Court orders otherwise, all notices shall provide the recipients at least 21 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request. If no objection is timely filed, the Court may authorize the proposed action without further notice or a hearing. If an objection is timely filed, the court will

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

determine whether to conduct a hearing, or to require the submission of further documentation, prior to ruling on the application, motion, or other request.

**9.9** <u>Confirmation Under § 1191(b) of the Bankruptcy Code</u>.  If all of the requirements of § 1129(a) of the Bankruptcy Code are met except (a)(8), (a)(10) and (a)(15), the Court may confirm the Plan under 11 USC § 1191(b).

**9.10** <u>Exemption from Transfer Taxes</u>.  Pursuant to Section 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale, or assignments executed in connection with any disposition of assets contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

**9.11** <u>Waivers</u>.  Except as otherwise provided in the Plan or in the Confirmation Order, any term of the Plan may be waived by the party benefited by the term to be waived.

**9.12** <u>Setoffs, Recoupments, and Defenses</u>.  Nothing contained in the Plan shall constitute a waiver or release by Debtor or Reorganized Debtor of any rights of setoff or recoupment, or of any defense, it may have with respect to any Claim (including, without limitation, rights under Section 503(d) of the Bankruptcy Code.  Except as otherwise provided in the Plan or in the Confirmation Order or in agreements previously approved by a Final Order, Reorganized Debtor may, but will not be required to, set off against any Claim or any distributions with respect to such Claim any and all of the claims, rights and causes of action of any nature that the Debtor or Reorganized Debtor, as applicable, may hold against the holder of such Claim; provided, however, that neither the failure to effect such a setoff, the allowance of

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

any Claim hereunder, the payment of any distribution hereunder or any other action or omission of Reorganized Debtor, nor any provision of the Plan, shall constitute a waiver or release by the Debtor or Reorganized Debtor, as applicable, of any such claims, rights, and causes of action that the Debtor or Reorganized Debtor, as applicable, may possess against such holder.

9.13 <u>Withdrawal or Revocation of the Plan</u>. The Proponent reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Plan is revoked or withdrawn, or if the Confirmation Date does not occur, the Plan shall have no force and effect and in such event nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or the Estate or any other Person or Entity, or to prejudice in any other manner the rights of the Proponent, or any of them, or any other entity in further proceedings involving the Debtor and specifically shall not modify or affect the rights of any party under any prior orders of the Court.

9.14 <u>Default</u>. Except as otherwise provided in the Plan or in the Confirmation Order, in the event that Reorganized Debtor shall default in the performance of any of its obligations under the Plan or under any of the Plan Documents and shall not have cured such a default within any applicable cure period (or, if no cure period is specified in the Plan or Plan Documents or in any instrument issued to or retained by a Claimant under the Plan, then within 30 days after receipt of written notice of default), then the entity to whom the performance is due may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one claim shall be an event of default with respect to the Plan. If Debtor defaults under the terms of the Plan, the Trustee shall immediately list and sell Debtor's home and pay the Debtor's proceeds first to secured creditors then to any unpaid administrative claims and then

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

prorata to priority tax claims.  If there are any proceeds over and above the priority tax claims, Debtor will be entitled to claim his homestead exemption from those proceeds.  If there are funds left over after Debtor's homestead, the funds will be paid prorata to Debtor's unsecured creditors.

9.15    Filing and Payment of Allowed Administrative Claims.  All requests for the payment of Administrative Claims must be filed with the Bankruptcy Court no later than 30 days after the Effective Date or at such time as the Bankruptcy Court may otherwise order.  Once a Final Order is entered allowing a Disputed Administrative Claim Reorganized Debtor will pay such Claim in accordance with this Plan.

9.16    Governing Law.  Except to the extent that federal law (including the Bankruptcy Code or Bankruptcy Rules) is applicable, the rights and obligations arising under the Plan or under the Plan Documents shall be governed by and construed and enforced in accordance with the laws of the State of Oregon without giving effect to the principles of conflicts of laws thereof.

9.17    Reservation of Rights.  If the Plan is not confirmed by a Final Order, or if the Plan is confirmed and the Effective Date does not occur, the rights of all parties in interest in the Case are and will be reserved in full.  Any concessions or settlement reflected herein, if any, are made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

9.18    Plan Controls.  To the extent any provision of the Plan Documents is inconsistent with this Plan, the provisions of the Plan shall control.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**9.19**  <u>Successors and Assigns</u>.  The Plan shall be binding upon and inure to the benefit of the Debtor, Reorganized Debtor, all Claimants, all Creditors, and all other parties in interest affected thereby and their respective successors, heirs, legal representatives and assigns.

## 10. Definitions.

For purposes hereof, any term used in an initially capitalized form in this Plan will have the defined meaning ascribed to it in either § 101 of the Bankruptcy Code or the definitions set forth below.  All definitions in the Bankruptcy Code and below will be subject to the rules of construction set forth in § 102 of the Bankruptcy Code.  Whenever the context requires, such terms include the singular as well as the plural, the masculine gender includes the feminine, and the feminine gender includes the masculine.  Any specific references to promissory notes, deeds of trust or other debt instruments, or security documents includes any amendments, modifications, and extensions thereto.  Nothing contained in this Plan or the Disclosure Statement constitutes an admission or denial by any party of liability for, or the validity, priority, or extent of any Claim, lien, or security interest asserted against the Debtor or against any third party.

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in § 503(b) of the Bankruptcy Code and referred to in § 507(a)(2) of the Bankruptcy Code including, without limitation, the actual, necessary costs and expenses of preserving a Debtor's estate and operating a Debtor's business including Current Obligations, compensation for professional services and reimbursement of expenses awarded under Sections 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against a Debtor's estate under Chapter 123 of Title 28, United States Code.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**"Allowance Date"** means, with respect to a Claim, the date such Claim becomes allowed.

**"Allowed"** means, with respect to a Claim, the extent to which: (a) the Claim is agreed to by the Claimant and the Debtor against whom the Claim is asserted; (b) the Claim is expressly allowed in this Plan; or (c) proof of such Claim was (i) timely filed with the Bankruptcy Court, (ii) deemed filed pursuant to § 1111(a) of the Bankruptcy Code, or (iii) tardily filed with leave of the Bankruptcy Court, and, in any case, as to which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final Order.

**"Ballot"** means the ballot that is used by a Creditor to accept or reject the Plan.

**"Bankruptcy Code"** means the Bankruptcy Reform Act of 1978, principally codified in 11 USC § 101, et seq., and any amendments thereto applicable to this Case.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the District of Oregon.

**"Bankruptcy Rules"** means the Rules and Forms of Practice and Procedures in Bankruptcy promulgated under 28 USC § 2075, as amended, and the local rules and general orders of the Bankruptcy Court, as applicable to Chapter 11 cases, together with all amendments and modifications from time to time thereto.

**"Business Day"** means any day other than Saturday, Sunday, or a "legal holiday", as that term is defined in Bankruptcy Rule 9006(a).

**"Case"** means the Debtor case commenced under Chapter 11 of the Bankruptcy Code on January 4, 2021.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**"Cash"** means cash, cash equivalents, bank deposits, and negotiable instruments payable on demand.

**"Chapter 11 Professionals"** means Troutman Law Firm P.C. and all other professionals, if any, which the Debtor may retain to provide professional services, all in accordance with Sections 327(a) and 327(e) of the Bankruptcy Code and as approved by the Bankruptcy Court.

**"Chapter 11 Trustee"** means Amy Mitchell who was appointed by the Court in this case as the Trustee.

**"Claim"** means any claim, as that term is defined in § 101(5), arising on or before the Confirmation Date.

**"Claimant"** means a Creditor that asserts a Claim.

**"Claims Bar Date"** means March 15, 2021, the last day timely claims can be filed.

**"Claims Objection Bar Date"** means, unless extended by the Court, the first Business Day that follows the 60th day after the Effective Date, or such other date as fixed by the Bankruptcy Court, by which any objection to a Claim must be filed with the Bankruptcy Court or such objection will be forever barred.

**"Confirmation Date"** means the date of the entry of the Confirmation Order.

**"Confirmation Order"** means the order confirming this Plan.

**"Contingent"** means, with respect to a Claim, a Claim that has not accrued or is not otherwise payable and the accrual of which or the obligation to make payment on which is dependent upon a future event that may or may not occur.

**"Creditor"** means any creditor, as that term is defined in § 101(10) of the Bankruptcy Code.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**"Current Obligations"** means (a) all accounts payable and other liabilities or obligations of Debtor that arose or accrued in the ordinary course of that Debtor's business during this Case, and (b) any taxes that were incurred subsequent to the Petition Date and became or become legally due and payable by the Debtor subsequent to the Petition Date and prior to the Effective Date.

**"Debtor"** means Robin Thomas Koenig.

**"Debtor's Actions"** means any and all claims, causes of action, and enforceable rights of the Debtor against third parties including, without limitation, claims of the Debtor for recovery of, or based upon, or in any manner arising from or related to damages, general or exemplary (or both), or other relief relating to (or based upon) (a) indebtedness owing to the Debtor; (b) fraud, negligence, gross negligence, willful misconduct, or any other tort actions; (c) breaches of contract; (d) violations of federal or state laws (including corporate and securities laws); (e) breaches of fiduciary or agency duties; (f) disregard of the corporate form or piercing the corporate veil or other liability theories; (g) avoidance of transfers or obligations under Chapter 5 of the Bankruptcy Code or under state law; and (h) any other claim of the Debtor to the extent not specifically compromised or released pursuant to this Plan or an agreement referred to, or incorporated into, this Plan.

**"Debtor's Action Recoveries"** means the rights of Debtor to any and all proceeds or other relief from (a) any award, judgment, relief, or other determination rendered or made as to any Debtor's Action; or (b) any compromise or settlement of any Debtor's Action.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**"Disallowed"** means, with respect to any claim, the extent to which the Claim has been disallowed pursuant to (a) a Final Order, (b) an agreement between the Claimant and the Debtor or Reorganized Debtor against whom the Claim is asserted, or (c) the terms of the Plan.

**"Disclosure Statement"** means the Disclosure Statement regarding this Plan, including all exhibits and schedules attached thereto and referenced therein prepared by the Proponents pursuant to § 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such Disclosure Statement may be amended and modified from time to time.

**"Disputed"** means, with respect to a Claim, that an objection to such Claim has been timely filed as provided in this Plan, or such Claim is listed as disputed in the applicable Debtor's schedules filed with the Bankruptcy court, and such objection or dispute has not been resolved by Final Order, or by agreement between the Claimant and the Debtor or Reorganized Debtor.

**"Effective Date"** means 10 days after the Court signs a Confirmation Order or when the Confirmation Order becomes non-appealable, whichever is later..

**"Estate"** means the bankruptcy estate of the Debtor as created under § 541 of the Bankruptcy Code.

**"General Unsecured Claim"** means any Claim that is not an Administrative Claim a Priority Tax Claim, or a Claim that is otherwise classified under the Plan.

**"Non-Tax Priority Claim"** means any Claim, which if allowed, would be entitled to priority under Section 507(a)(1) through (7) of the Bankruptcy Code.

**"Non-Tax Priority Claimant"** means a Person or Entity that asserts a non-Tax Priority Claim.

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

**"Petition Date"** means the date the Debtor filed the petition commencing this Case, January 4, 2021

**"Plan"** means this Plan of Reorganization and any and all modifications and/or amendments thereto.

**"Plan Documents"** means all agreements, documents, and exhibits as the same may be amended, modified, supplemented, or restated from time to time, that are necessary or appropriate to implement, authorize, consummate, and operate the Plan including without limitation any and all loan documents that are being modified by the Plan.

**"Plan Secured Interest Rate"** means the interest rate for deferred payments to secured creditors under the Plan. The rate will be 4% unless otherwise specified for a particular secured creditor.

**"Priority Tax Claim"** means any Claim that, if allowed, would be entitled to a priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**"Property"** means Debtor's interest in real property.

**"Proponent"** means the Debtor who is the proponent of the Plan.

**"Pro Rata"** means proportionate, and when applied to a Claim means the ratio of the amount distributed on account of an Allowed Claim in a class to the amount distributed on account of all Allowed Claims in such class.

**"Reorganized Debtor"** means Robin Thomas Koenig on and after the Effective Date.

**"Secured Claim"** means any Claim, including interest, fees, and charges as determined pursuant to Section 506(b) of the Bankruptcy Code, against Debtor that is (a) secured in whole or in part as of the Petition Date by a lien on any of the assets or property of the Debtor, which lien

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, but only to the extent of the value of the assets or property securing any such Claim; or (b) subject to setoff under Section 553 of the Bankruptcy Code, but only to the extent of the amount subject to such setoff.

**"Statement of Financial Affairs"** means the Debtor's Statement of Financial Affairs, and any amendments or supplements thereto, filed with the Bankruptcy Court pursuant to Bankruptcy Rule 1007.

DATED:     June 12, 2021

*/s/Robin Thomas Koenig*
Robin Thomas Koenig

Troutman Law Firm, P.C.

*/s/Ted A. Troutman*
Ted A. Troutman, OSB# 844470
Attorney for Robin Thomas Koenig

Ted A. Troutman
TROUTMAN LAW FIRM P.C.
5075 SW Griffith Dr., Ste 220
Beaverton, OR 97005
(503) 292-6788 TEL (503) 596-2371 FAX
tedtroutman@sbcglobal.net

# EXHIBIT A
## LIQUIDATION ANALYSIS
### Robin Thomas Koenig
### Bankruptcy Case No. 21-60003-tmb11

## Real Property

7503 Labish Center Rd. NE, Brooks, OR 97305

| | | |
|---|---|---|
| Value | $800,000.00 | |
| Secured debt to D.A.N. Joint Venture III, LP | <$1,008,875.00>* | |
| Trustee's commission * | <$ 30.250.00> | |
| Cost of Sale – 8% | <$ 64,000.00> | |
| Net to Estate | | $ -0- |

*Remaining balance owed to D.A.N. after sale is $303,125.00

8130 Stratford Dr. NE, Brooks, OR 97305

| | | |
|---|---|---|
| Value | $650,000.00 | |
| Trustee's Commission* | <$ 25,750.00> | |
| Cost of Sale – 8% | <$ 52,000.00> | |
| Homestead Exemption | <$ 40,000.00> | |
| Balance owed to D.A.N. Joint Venture III, LP | <$303,125.00> | |
| Net to Estate | | $229,125.00 |

## Crops

| | | |
|---|---|---|
| Value | $80,000.00 | |
| Trustee Commission* | <$ 7,250.00> | |
| Cost of Sale – 10% | <$ 8,000.00> | |
| Net to Estate | | $ 64,750.00 |

## Equipment

| | | |
|---|---|---|
| Value | $598,635.00 | |
| Trustee Commission* | <$ 24,209.00> | |
| Cost of Sale – 10% | <$ 59,863.50> | |
| Net to Estate | | $514,562.50 |

| | |
|---|---|
| TOTAL AVAILABLE FOR UNSECURED CREDITORS | $808,437.50 |

\*Trustee's Commission is figured as follows:

| | |
|---|---:|
| Amounts under $5,000 | 25% |
| Amounts between $5,000 and $50,000 | 10% |
| Amounts between $50,000 and $1,000,000 | 5% |
| Amount in excess of $1,000,000 | 3% |

Case 21-60003-tmb11    Doc 93    Filed 07/12/21

Koenig – Unsecured Creditors

|  | Amt owed | Percentage of Debts owed | Annual Payment Amount |
|---|---|---|---|
| Adkins Lease | $21,000.00 | 0.2524730942 | $4,283.99 |
| Blue Star Gas | $1,947.36 | 0.0234121907 | $397.26 |
| Brooks Hardware | $3,209.64 | 0.0385879877 | $654.77 |
| Burlingham Seed | $833.70 | 0.0100231818 | $170.07 |
| Collection Bureau of Walla Walla | $3,712.20 | 0.0446300295 | $757.29 |
| IRS | $908.78 | 0.0109258333 | $185.39 |
| LVNV Funding/Citibank | $810.64 | 0.0097459423 | $165.37 |
| Oregon Dep't of Revenue | $2,034.00 | 0.0244538226 | $414.94 |
| Pratum Coop | $48,720.86 | 0.5857479179 | $9,939.03 |
| | | | |
| Total debts owed | $83,177.18 | | |
| Annual Payment Total | | | $16,968.11 |

EXHIBIT B
Page 1